# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EMILY BURKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-0933 |
| ) | Judge Trauger |
| FOX MOVING AND STORAGE OF ) | |
| TENNESSEE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court are the plaintiff's Motion to Remand (Docket No. 15), to which the defendant has filed a response (Docket No. 17), and the defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement (Docket No. 13). For the reasons discussed below, the plaintiff's motion will be granted and the defendant's motion will be denied as moot.

## BACKGROUND

The plaintiff, Emily Burkett, initially filed this suit in Tennessee state court. Her Complaint, which was two paragraphs long, alleged that she hired the defendant, Fox Moving and Storage of Tennessee, LLC, to move her personal belongings from her residence in Nashville, Tennessee to her new residence in Pleasant View, Tennessee. (Docket No. 1, Ex. 1.) It further alleged that the defendant's agents negligently dropped an armoire down the stairs of the new residence, damaging the stairway. Although the Complaint did not explicitly list any causes of action, it did state that the plaintiff's damages were a direct result of the defendant's negligence.

The defendant removed the suit to this court on October 6, 2010, asserting that the court

had subject-matter jurisdiction because the plaintiff's claims were properly brought under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. (Docket No. 1.) Shortly thereafter, the defendant filed an unopposed Motion to Dismiss, or, Alternatively, for a More Definite Statement (Docket No. 5), arguing that the Complaint failed to allege sufficient facts to state a claim (Docket No. 6 at 1-3).

On October 26, 2010, this court granted the defendant's motion and ordered the plaintiff to "file an Amended Complaint, alleging a cause of action under the Carmack Amendment and attaching whatever contract, bill of lading or other documents . . . form the basis of the relationship between the plaintiff and the defendant." (Docket No. 7.) The court noted that, "[i]f the damage to the plaintiff's property occurred pursuant to a contract to move goods by a common carrier, the claims for negligence and breach of contract are preempted by the Carmack Amendment, and this court has jurisdiction over the plaintiff's claims." (*Id.* at 1 (citing *Am. Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970)).)

The plaintiff then filed an Amended Complaint. Although the new pleading still fails to attach the relevant contract, it alleges more details regarding the plaintiff's move. The plaintiff alleges that her belongings were delivered from Nashville to Pleasant View in good condition and that, upon delivery, the defendant's agents agreed to move a heavy armoire to the second floor of her new residence. (Docket No. 12 ¶ 5.) She further alleges that, at the top of the stairway, the movers negligently dropped the armoire, causing "substantial damage" of less than $15,000 to the stairway, including the stairway's carpet, walls, and landing. (*Id.*) The Amended Complaint again fails to formally list a cause of action, although it does state that "the claim of

Plaintiff against Defendant is for the damages proximately caused by Defendant's agents when they negligently damaged the stairway." (*Id.* ¶ 6.) It further states that the "claim does not arise under the Carmack Amendment." (*Id.* ¶ 7.)

## ANALYSIS

The defendant has filed a new Motion to Dismiss, or, Alternatively, for a More Definitive Statement, pursuant to Federal Rule of Civil Procedure 12, arguing that the plaintiff's Amended Complaint lacks sufficient factual allegations. In response, the plaintiff has filed a Motion to Remand, pursuant to 28 U.S.C. § 1447.

The federal remand statute states, in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

Here, the sole basis for subject-matter jurisdiction identified by the defendant is the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which governs motor carriers' liability for the loss of, or damage to, shipped goods. The defendant argues that the Carmack Amendment "preempts state law claims arising from failures in the transportation and delivery of goods." (Docket No. 17 at 3 (quoting *Andrews v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1329, 1330 (N.D. Ga. 2007)).) If the defendant is correct, the court would have jurisdiction because the plaintiff's claims would "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

In her Motion to Remand, the plaintiff argues that her Amended Complaint (as well as her initial Complaint) makes it clear that her move from Nashville, Tennessee to Pleasant View, Tennessee was purely intrastate and that this fact takes her claims outside the scope of the Carmack Amendment. (Docket No. 16 at 2.)

Under the "well-pleaded complaint rule," the court must examine the face of the plaintiff's properly pleaded complaint to determine whether the complaint presents a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[1] *Id.* Here, neither the initial Complaint nor the Amended Complaint, on its face, presents a federal question. Although neither pleading formally lists any causes of action against the defendant, it appears clear that the plaintiff is asserting a negligence claim. (*See* Docket No. 12 ¶ 6 ("[T]he claim . . . is for the damages proximately caused by Defendant's agents when they negligently damaged the stairway . . . ."). This is a state-law claim.

The defendant argues that the Carmack Amendment preempts the plaintiff's negligence claim. It is true that the Sixth Circuit has long held that, "when damages are sought against a

---

[1] An exception to the well-pleaded complaint rule exists when "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state commonlaw complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Otherwise, the mere fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted does not establish that the claims are removable. *Id.* at 398; *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995).
    Here, as discussed below, the facts alleged in the complaints reveal that the Carmack Amendment does not preempt the plaintiff's state-law claims. Thus, the exception to the well-pleaded complaint rule does not apply.

common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *Am. Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970).  But the key word in that sentence is "interstate."  The Carmack Amendment defines its scope by reference to 49 U.S.C. §§ 13501 and 13531.[2]  *Id.* § 14706(a)(1) (creating liability for carriers "providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135").  Those two sections create federal jurisdiction over the domestic transportation of property if (1) the transportation is between two locations in different states, or (2) the transportation is between two locations in the same state via a route through another state.[3]  *Id.* §§ 13501(1)(A)-(B), 13531(a)(1)-(2).  Notably, they do not create jurisdiction over the purely intrastate transportation of property.

As a result, the Carmack Amendment has no application – and thus does not preempt state-law claims – if the plaintiff's claims concern a carrier who has merely transported property within a state.[4]  *Farrah v. Monterey Transfer & Storage, Inc.*, 555 F. Supp. 2d 1066, 1068 (N.D. Cal. 2008) ("When goods are shipped entirely within a state, the Interstate Commerce Act does not apply."), *cited in Starling v. Grosse Pointe Moving Co.*, No. 09-CV-13189, 2010 U.S. Dist. LEXIS 9636, at *9 (E.D. Mich. Feb. 3, 2010); *Green v. All Star Moving & Storage, Inc.*, No.

---

[2] Both of those statutes define the scope of the regulatory jurisdiction of the Secretary of Transportation and the Surface Transportation Board.

[3] Pleasant View, Tennessee is approximately 25 miles northwest of Nashville.  A direct route between the two locations does not pass through any state other than Tennessee.

[4] An exception exists if the intrastate transportation was part of a larger course of interstate transportation.  *See, e.g.*, *Farrah*, 555 F. Supp. 2d at 1068-69, 1069 n.3 (collecting relevant cases).  Here, nothing suggests that the defendant's transportation of the plaintiff's property was merely a leg in a larger interstate journey.

5

99-4106-DES, 2000 U.S. Dist. LEXIS 4818, at *4 (D. Kan. Mar. 31, 2000) ("The Carmack Amendment applies to interstate commerce, and has no application to purely intrastate commerce."); *cf., e.g.*, *Andrews*, 504 F. Supp. 2d at 1330-31 (applying the Carmack Amendment when the defendant transported the plaintiff's household items from Louisiana to Georgia).

Here, regardless of their other defects, the plaintiff's complaints include sufficient factual allegations to show that the origination and the destination points of the plaintiff's move were both in Tennessee. Indeed, the defendant does not dispute that the transportation of the plaintiff's property was intrastate.[5] Thus, the Carmack Amendment does not preempt any state law claim that the plaintiff seeks to bring, and it cannot serve as the basis for this court's subject-matter jurisdiction.[6]

Because neither the Complaint nor the Amended Complaint reveals any issue of federal law, the court has no subject-matter jurisdiction over this case. Accordingly, the court will remand this case to Tennessee state court. In light of this ruling, the defendant's Motion to Dismiss will be denied as moot.

The removal statute allows the court to award the plaintiff attorney's fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c). This award is within the court's

---

[5] The defendant argues that the court must give the Amended Complaint "a liberal reading . . . as it relates to the Carmack Amendment claim." (Docket No. 17 at 3.) But no reading of the complaint could be so liberal as to ignore the allegation that the plaintiff's property was transported between two cities in Tennessee.

[6] When the court entered its previous order on the defendant's Motion to Dismiss, it relied on the defendant's unopposed assertion that the Carmack Amendment preempted any of the plaintiff's possible state claims. (*See* Docket No. 6 at 3.) It is now clear that this assertion was incorrect.

discretion, and a threshold finding of "bad faith, improper purpose, or vexatious or wanton conduct" by the defendant is not necessary. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). Instead, the plaintiff should receive fees and costs "if fair and equitable under all the circumstances." *Id.* (quotation marks omitted). An award of fees is "inappropriate where the defendant's attempt to remove the action was fairly supportable." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005) (quotation marks omitted).

Here, the court will award the plaintiff all of the reasonable attorney's fees, expenses, and costs that she incurred as a result of the defendant's removal. From the outset, the two-paragraph Complaint revealed that the plaintiff's move was purely intrastate and was thus outside the scope of the Carmack Amendment. Even before the plaintiff amended her Complaint, the defendant's attempt to remove the case was not fairly supportable.

For all of the reasons discussed above, the Motion to Remand filed by the plaintiff (Docket No. 15) is **GRANTED**, and the case is hereby **REMANDED** to the General Sessions Court for Cheatham County. The plaintiff is awarded all reasonable attorney's fees, expenses, and costs incurred as a result of the defendant's removal of the case to this court. The plaintiff is directed to submit an accounting of these expenses within 10 days of the entry of this Order. The Motion to Dismiss, or, Alternatively, for a More Definite Statement filed by the defendant (Docket No. 13) is **DENIED** as moot.

It is so Ordered.

Entered this 15th day of December 2010.

                                      ALETA A. TRAUGER
                                      United States District Judge